

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 20, 2016

**ROBERT KEITH WARD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sevier County**
**No. 9429-III     Rex Henry Ogle, Judge**

———————————

**No. E2016-01110-CCA-R3-PC**

———————————

The petitioner, Robert Keith Ward, appeals pro se from the summary dismissal of his 2016 petition for post-conviction relief, which challenged his 2004 conviction of aggravated rape. Because the petition was filed well beyond the applicable statute of limitations and because the petitioner failed to prove a statutory exception to the timely filing or a due process tolling of the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Robert Keith Ward, Nashville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; James B. Dunn, District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2004, a Sevier County Criminal Court jury convicted the petitioner of one count of the aggravated rape of his sister-in-law, and the trial court imposed an effective sentence of 60 years in prison. This court affirmed the conviction and sentence on direct appeal. *State v. Robert K. Ward*, No. E2004-01665-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Knoxville, Dec. 29, 2005), *perm. app. denied* (Tenn. May 1, 2006).

On March 14, 2011, the petitioner filed a pro se petition for post-conviction relief, alleging ineffective assistance of counsel. The post-conviction court summarily dismissed the petition, deeming it time barred, and this court affirmed the denial. *Robert*

*Keith Ward v. State*, No. E2011-01835-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Knoxville, Aug. 20, 2012), *perm. app. denied* (Tenn. Jan. 22, 2013).

On February 24, 2016, the petitioner filed the pro se petition for post-conviction relief now under review, and on March 24, 2016, the post-conviction court again summarily dismissed the petition as time barred.

On appeal, the petitioner challenges the summary dismissal of his 2016 petition, arguing that the Tennessee Supreme Court's decision in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007), and the United States Supreme Court's decision in *Cunningham v. California*, 549 U.S. 270 (2007), apply retroactively to toll the statute of limitations in his case. In addition, the petitioner argues that newly discovered evidence of ineffective assistance of counsel tolls the statute of limitations and that he is entitled to plain error review of his sentence due to the trial court's error in the use of inappropriate enhancement factors. The State responds that the appeal was untimely filed and that, in any event, the petition at issue was not timely filed.

We must first address the petitioner's notice of appeal. The State is correct in its assertion that the petitioner's June 2, 2016 notice was untimely filed; the post-conviction court's order summarily dismissing the petition was entered on March 24, 2016. However, this court, in an order dated June 3, 2016, concluded that the interests of justice required a waiver of the timely filing requirement. *See* Tenn. R. App. P. 4(a).

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a). "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition. The order shall state the reason for the dismissal and the facts requiring dismissal." *Id.* § 40-30-106(b). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].") Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of

limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his 2004 conviction via a second post-conviction petition filed in 2016, nearly a decade after the judgment became final. The statutory grounds for the tolling of the statute of limitations are not applicable.

Although the petitioner claims that he is afforded post-conviction relief due to an excessive sentence based on the decisions in *Gomez*, *Cunningham*, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), this court has previously determined that those cases may not "be applied retroactively on collateral" attack. *Albert F. Kelly v. State*, No. W2008-02236-CCA-R3-PC, slip op. at 3 (Tenn. Crim. App., Jackson, June 12, 2009) (citations omitted). The petitioner has failed to establish that a 2012 letter received from trial counsel constituted "new scientific evidence" proving his innocence, and the petitioner is not entitled to plain error review of his 2004 sentencing. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's claims for relief are not "later arising."

For all of the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE